## No. 5090.

### B. BURBANK v. J. O. PIERCE.

The defendant, having bound himself to give plaintiff within a certain time, a good and sufficient title to the sixteenth part of a lead mine, on the fulfillment of certain conditions by plaintiff, refused at the expiration of the delay to comply with his agreement. At the trial, the plaintiff offered in evidence the said agreement, which was rejected on the ground that it was not properly stamped, the court holding that the stamp necessary for the sale of real property should have been affixed instead of that for an agreement to sell. The court a qua erred. The document had on it the stamp required for such instruments.

Parol evidence to show that defendant had parted with his interest in said property, and that the stock company owning the same was insolvent, to the knowledge of the defendant, one of the stockholders thereof, was not improperly offered. Plaintiff was not seeking to establish his title to real estate, but to show defendant's inability to comply with the agreement to make a title. The evidence was not therefore subject to the rule requiring written proof of such title. It was certainly relevant so far as it tended to show plaintiff's compliance and defendant's non-compliance with their mutual obligations.

APPEAL from the Thirteenth Judicial District Court, parish of Carroll. *Hough* J. *Sparrow & Montgomery*, for plaintiff and appellant. *Montgomery & Delony*, for defendant and appellee.

HOWELL J. Plaintiff sues to annul a contract for the sale of one sixteenth of a certain lead mine and farm in Illinois. At the date of the agreement, which was reduced to writing, the plaintiff paid $3500 in cash and gave two notes for $3250 each, due at one and two years, upon the payment of which the defendant bound himself to give plaintiff "a good and sufficient title to the same." After the expiration of the delay, the plaintiff called on defendant to comply, but he declined. At the trial the plaintiff offered the written instrument, above referred to, and it was rejected on the ground that it was not properly stamped, the court holding that the stamp necessary for the sale of real property should have been affixed instead of that for an agreement to sell. We think the court erred. The document had on it the stamp required for such instruments. The stamp contended for by defendant was the one

required for the act of sale which he was called on to give and which he refused. The stamp on the instrument appears to be properly canceled. The depositions offered by plaintiff were ruled out as irrelevant and establishing title to real property by parol.

The evidence was offered to show that the defendant had parted with his interest in said property and that the stock company owning the same was insolvent, to the knowledge of the defendant, one of the stockholders, at the date of his agreement with plaintiff, and to prove the latter's compliance with his obligations. As plaintiff was not seeking to establish his title to real estate, but to show defendant's inability to comply with his agreement to make a title, the evidence was not subject to the rule requiring written proof of such title. It was certainly relevant so far as it tended to show plaintiff's compliance and defendant's non-compliance with their mutual obligations. With this evidence, which comes up in the record, the plaintiff has made out his case.

It is therefore ordered that the judgment appealed from be reversed and that there be judgment in favor of plaintiff annulling the contract of twenty-sixth March, 1867, described in the petition, that defendant be condemned to pay plaintiff $3500 with legal interest from said date and return to plaintiff the two notes given in pursuance of said contract and pay costs in both courts.